ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LYMARYS CRUZ RIVERA<br><br>Recurrida<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Tercero Demandante - Recurrido<br><br>**ÓPTIMA SEGUROS**<br><br>Tercero Demandado - Peticionario | TA2026CE00492 | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2025CV05174<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Bonilla Ortiz[1], el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de mayo de 2026.

Comparece Óptima Seguros ("Óptima" o "Peticionaria") mediante *Petición de Certiorari* y nos solicita que revisemos una *Resolución* emitida el 6 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En virtud del aludido dictamen, el TPI determinó que, a pesar de que los municipios ostentan inmunidad ante las reclamaciones por daños ocurridos en carreteras y aceras estatales, sus aseguradoras aun así pueden ser llamadas a responder. Como consecuencia, denegó una solicitud de sentencia sumaria presentada por la aseguradora, tras el archivo de la causa de acción en contra de su asegurado.

Por los fundamentos que proceden, se *expide* el auto de *certiorari* solicitado y se *revoca* la determinación recurrida.

**I.**

El 10 de junio de 2025, Limarys Cruz Rivera ("señora Cruz Rivera") presentó una *Demanda* en contra del Estado Libre Asociado de Puerto Rico

---

[1] Mediante Orden Administrativa OATA-2026-045 de 5 de mayo de 2026, se designó al Hon. Fernando J. Bonilla Ortiz en sustitución de Hon. Felipe Rivera Colón.

("ELA"), como representando del Departamento de Transportación y Obras Públicas ("DTOP"), el Municipio Autónomo de San Juan ("Municipio") y su aseguradora, Óptima Seguros. Alegó que, el 13 de diciembre de 2024, mientras se encontraba cruzando la Avenida Muñoz Rivera, cuando se disponía a subir la acera de la entrada principal del Centro Judicial, tropezó con su borde y cayó de rodillas. Sostuvo que al lado de la acera existía un hoyo profundo, el cual no vio, ya que se encontraba oculto bajo trozos de cemento, fango y agua. Aseveró que, como consecuencia, sufrió múltiples lesiones, heridas y traumas en su cuello y en la parte derecha de su cuerpo. Por lo tanto, reclamó una indemnización en concepto de los daños presuntamente sufridos debido a la negligencia de los codemandados, al no proveerle un mantenimiento adecuado a la acera.

Tras varias instancias, el 15 de agosto de 2025, la señora Cruz Rivera instó un *Aviso de Desistimiento Voluntario* en cuanto a las reclamaciones presentadas contra el Municipio y Óptima.

El 8 de septiembre de 2025, el ELA radicó una *Moción en Oposición al Aviso de Desistimiento Voluntario*. Reconoció que el Municipio ostentaba inmunidad en contra de reclamaciones de daños y perjuicios por hechos ocurridos en carreteras y aceras estatales. No obstante, arguyó que el Municipio era responsable del mantenimiento de la acera. Como corolario, razonó que Óptima venía llamada a responder por el grado de responsabilidad del Municipio.

En respuesta, el 11 de septiembre de 2025, el Municipio y Óptima presentaron una *Réplica a Moción en Oposición al Aviso de Desistimiento Voluntario*. Sostuvieron que, debido a que, cuando la señora Cruz Rivera presentó el *Aviso de Desistimiento Voluntario*, las partes no habían presentado una alegación responsiva, su derecho a desistir era absoluto.

Ante ello, el 12 de septiembre de 2025, el TPI notificó una *Sentencia Parcial* en virtud de la cual desestimó sin perjuicio la causa de acción en contra del Municipio y Óptima.

Posteriormente, 5 de diciembre de 2025, el ELA instó una *Demanda Contra Tercero* en contra de Óptima. Arguyó que, de acuerdo con el Art. 2 de la Ley

Núm. 49 de 1 de diciembre de 1917, según enmendada, conocida como la *Ley de Travesías de Puerto Rico*, 9 LPRA sec. 13, el Municipio tenía la jurisdicción, el control y el mantenimiento de la acera en controversia. Cónsono con lo anterior, razonó que Óptima, como aseguradora del Municipio, respondía por los daños reclamados. Así, pues, la *Demanda Contra Tercero* fue autorizada mediante *Orden* emitida el 8 de diciembre de 2025.

El 9 de marzo de 2026, Óptima presentó una *Moción de Sentencia Sumaria Parcial.* En síntesis, expuso que, conforme dispuesto por el Art. 1.053 (g) del Código Municipal y lo resuelto en *González Meléndez v. Municipio Autónomo de San Juan y otros*, 212 DPR 601, 620 (2023), no existía una reclamación en contra del Municipio, debido a que los alegados daños ocurrieron en una acera estatal. Así dispuesto, manifestó que, ante la inexistencia de una causa de acción en contra de su asegurado, la aseguradora no venía llamada a responder. Por tanto, solicitó que se desestimara la acción instada en su contra.

Consecuentemente, el 30 de marzo de 2026, el ELA radicó una *Oposición a Moción de Sentencia Sumaria Parcial.* Reiteró que, en virtud de la Ley de Travesías, los municipios tienen jurisdicción sobre las aceras que ubican dentro de sus demarcaciones. Reconoció que, a pesar de que, por virtud del Código Municipal, el Municipio goza de inmunidad estatutaria, está sujeto a la imposición de su porcentaje de responsabilidad. En atención a ello, alegó que Óptima responde por la responsabilidad que se le impute al Municipio.

Atendidos los planteamientos de las partes, el 6 de abril de 2026, el TPI dictaminó una *Resolución* en virtud de la cual denegó la solicitud de sentencia sumaria parcial instada por Óptima. El foro de instancia realizó las siguientes determinaciones de hechos:

1. La causa de acción en este caso sobre daños y perjuicios se fundamenta en la falta de mantenimiento de la acera de la Avenida Muñoz Rivera, cerca de la entrada principal del Centro Judicial de San Juan.
2. **La Ave. Muñoz Rivera es una carretera estatal.**
3. Los hechos de este caso ocurrieron el 13 de diciembre de 2024.
4. **La acera en la Avenida Muñoz Rivera, cerca de la entrada principal del Centro Judicial de San Juan, es la acera de una carretera estatal.**

**5. Para el 13 de diciembre de 2024 el estado de derecho no autorizaba una Demanda en daños y perjuicios contra un municipio por daños y perjuicios a la persona cuando ocurre un accidente en una acera de una carretera estatal. González Meléndez v. Municipio Autónomo de San Juan y otros, 212 DPR 601 (2023).[2]**

Concluyó que la inmunidad concedida a los municipios es una defensa personal o privativa que no se encuentra disponible para las aseguradoras. Dispuso que, como resultado, "y, en ausencia de evidencia en esta etapa de que la póliza excluyera específicamente cubierta por acciones u omisiones culposas o negligentes, no procede extender la inmunidad del municipio como defensa en la acción directa contra la aseguradora".[3]

Inconforme, el 22 de abril de 2026, Óptima acudió ante nos mediante *Petición de Certiorari* en la cual realizó el siguiente señalamiento de error:

**ERRÓ EL TPI AL INTERPRETAR QUE LA INEXISTENCIA, POR DISPOSICIÓN DE LEY, DE UNA CAUSA DE ACCIÓN A FAVOR DE UN ASEGURADO NO ES UNA DEFENSA OPONIBLE POR LA COMPAÑÍA ASEGURADORA EN UNA ACCIÓN DIRECTA INCOADA CONTRA LA COMPAÑÍA ASEGURADORA.**

El 29 de abril de 2026, el ELA presentó una *Solicitud de Término Adicional*. Así pues, en igual fecha, este Tribunal le concedió una prórroga para presentar su alegato en oposición. En cumplimiento, el 14 de mayo de 2026, la parte recurrida notificó su *Escrito en Cumplimiento de Orden*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil*

---

[2] (Énfasis suplido). Apéndice del Recurso, Entrada Núm. 52, págs.2-3.
[3] *Íd.*, pág. 5.

*Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

El mecanismo de la *sentencia sumaria,* Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, le permite al tribunal disponer de un caso sin llevar a cabo una vista en su fondo. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020). Dicho mecanismo procesal, es un remedio discrecional; el cual tiene como fin, la solución justa, rápida y económica de controversias, en que lo único por dirimir sean controversias de derecho. *Rodríguez Méndez et al. v. Laser Eye Surgery*, 195 DPR 769, 785 (2016).

Según el aludido precepto reglamentario, el promovente de la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. A su vez, el promovente deberá fundamentar su postura haciendo referencia con "indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en

evidencia donde se establecen estos hechos". Regla 36.3 (a)(4) de Procedimiento Civil, *supra*.

Por su parte, el promovido tiene que refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria. *León Torres v. Rivera Lebrón*, supra, pág. 44. Así pues, la parte deberá "contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede". Regla 36.3(c) de Procedimiento Civil, *supra*; *León Torres v. Rivera Lebrón,* supra, pág. 43. Así las cosas, la parte que se oponga a una solicitud de sentencia sumaria, no podrá descansar en las aseveraciones o negaciones consignadas en su alegación. Regla 36.3(c) de Procedimiento Civil, *supra.*

Asimismo, al momento de resolver una moción de sentencia sumaria es necesario que el tribunal considere a fondo las alegaciones de la demanda y las defensas presentadas. Ello, con el fin de establecer si existe controversia en cuanto a los hechos materiales o no. Por lo que, de existir dicha controversia, el tribunal no deberá declarar ha lugar una petición de sentencia sumaria. Además, cualquier duda habrá de resolverla en contra de la parte promovente. *Ramos Pérez v. Univisión*, 178 DPR 200, 217 (2010).

El Tribunal Supremo de Puerto Rico ha reiterado que, como regla general, no procede la sentencia sumaria en casos donde estén en controversia "elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión*, supra, pág. 219. Tampoco procede emitir sentencia sumariamente cuando: (1) existan hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material o (4) como cuestión de derecho no procede. *Vera Morales v. Bravo*, 161 DPR 308, 333-334 (2004).

Como al momento de revisar las solicitudes de sentencia sumaria, estamos en la misma posición que el foro primario; nuestra última instancia apelativa ha establecido que la revisión es será de *novo*, limitándose a solo considerar los

documentos que se presentaron ante el TPI. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015). Por lo cual se descartan "*exhibiti[s]*, deposiciones o *affidávit[s]* que no fueron presentadas oportunamente en el foro de primera instancia" o "teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo". *Meléndez González et al. v. M. Cuebas,* supra, págs. 114-115.

A tales efectos, este Tribunal de Apelaciones examinará el expediente de la manera más favorable hacia la parte que se opuso a la moción de sentencia sumaria en el foro primario. Además, revisaremos que la moción de sentencia sumaria y su oposición, cumplieron con los requisitos de la Regla 36 de Procedimiento Civil, *supra.* Por último, evaluaremos si existían hechos materiales en controversia, los que, en caso de haberlos, habremos de cumplir con los criterios de la Regla 36.4 de Procedimiento Civil, *supra,* y procederemos a exponer concretamente cuáles hechos materiales se encontraron que estaban en controversia y cuáles estaban incontrovertidos. *Id.* Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí. *Meléndez González et al. v. M. Cuebas,* supra, pág. 119.

**-C-**

En virtud del Art. 1.053 de la Ley Núm. 107 de 13 de agosto de 2020, según enmendada, mejor conocida como el Código Municipal de Puerto Rico ("Código Municipal"), 21 LPRA sec. 7084, no estarán autorizadas las acciones en contra de los municipios por daños y perjuicios "[c]uando ocurran accidentes en las carreteras o aceras estatales". Como resultado, al amparo del aludido estatuto, los municipios poseen inmunidad contra las reclamaciones de daños y perjuicios instadas en su contra por accidentes ocurridos en las carreteras o aceras pertenecientes al ELA. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601, 621 (2023). Nuestro Máximo Foro ha resuelto que, "el factor determinante para que los municipios no respondan por reclamaciones de daños y perjuicios es la existencia del vínculo directo entre un accidente y el hecho de

que este ocurra en una carretera o acera propiedad del Estado. *Íd., supra,* pág. 620.

Resulta preciso destacar que la Exposición de Motivos de la Ley Núm. 143-2019, (2019 [Parte 2] Leyes de Puerto Rico 2018),[4] expresó que añadir la prohibición de demandar a un municipio por accidentes ocurridos en las carreteras o aceras estatales tenía el propósito de, entre otros, evitar un aumento sustancial en los costos por concepto de seguros de responsabilidad pública. A su vez, la Asamblea Legislativa puntualizó que "es necesario establecer un régimen legal justo para que los municipios no sean responsables por la alegada negligencia al Estado, en cuanto al mantenimiento de sus carreteras y aceras". *Íd.*

**-D-**

En nuestro ordenamiento jurídico impera la normativa de que el asegurador solo será responsable, según una póliza de seguros de responsabilidad civil, si el asegurado ha sido culposo o negligente. *SLG Albert-García v. Integrad Asrn.*, 196 DPR 382, 394 (2016). Como norma general, toda aseguradora que expida una póliza asegurando a una persona contra daños o perjuicios, por causa de responsabilidad legal por lesiones corporales, muerte o daños a la propiedad de una tercera persona, será responsable cuando ocurra una pérdida cubierta por dicha póliza. Art. 20.010 del Código de Seguros, 26 LPRA sec. 2001.

La persona que alega que ha sufrido daños y perjuicios causados por las acciones u omisiones culposas o negligentes de un asegurado puede orientar su causa de acción de tres formas distintas: contra el asegurador, contra el asegurado, o contra ambos. *SLG Albert-García v. Integrand Asrn., supra,* pág. 393. En ese sentido, la parte perjudicada por un asegurado tendrá la opción de instar una acción directa contra el asegurador, conforme a los términos y limitaciones de la póliza, o en contra de ambos de manera conjunta. Art. 20.030

---

[4] La Ley Núm. 143-2019 enmendó el derogado Art. 15.005 (g) de la Ley 81-1991, mejor conocida como la Ley de Municipios Autónomos, 21 LPRA ant. sec. 4705. El referido artículo fue incorporado posteriormente al Código Municipal como el Art. 1.053 (g), *supra.*

del Código de Seguros, 26 LPRA sec. 2003. Dicha acción será distinta y separada de la reclamación que pudiese tener un perjudicado contra el asegurado. *SLG Albert-García v. Integrad Asrn., supra*, pág. 390.

Por otro lado, el Art. 20.050 del Código de Seguros, 26 LPRA sec. 2004, dispone, en lo aquí pertinente, lo siguiente:

(1) La obtención de un seguro de responsabilidad por el Estado Libre Asociado de Puerto Rico, sus dependencias o entidades, y por los municipios y otras subdivisiones políticas, no constituirá ni se estimará que constituye una renuncia de inmunidad gubernamental, si la hubiere, en la responsabilidad por actos u omisiones en que hubiere mediado culpa o negligencia por agentes y empleados públicos, excepto hasta el grado de la indemnización cobrable real y efectivamente provista por dicho seguro en cuanto a un suceso en particular. Sin embargo, no se considerará que existe tal renuncia de inmunidad en cuanto a ninguna reclamación o demanda contra tal entidad pública, a menos que dicha entidad renuncie expresamente a la inmunidad.

(2) Todas dichas pólizas de seguro deberán disponer que el asegurador no podrá aducir la defensa de inmunidad gubernamental en ninguna acción incoada contra el asegurador con arreglo a dicha póliza o en virtud de la misma.

A pesar de la aseguradora no pueda invocar las defensas personales o privativas del asegurado, el Tribunal Supremo ha resuelto que el asegurador no responde cuando su asegurado no incurrió en culpa o negligencia. *SLG Albert-García v. Integrand Asrn., supra*, pág. 394. De manera similar, ha sostenido que, cuando no existe una causa de acción contra el municipio, no puede responder una aseguradora por lo que en derecho es inexistente. *Admor. FSE v. Flores Hnos. Cement Prods.*, 107 DPR 789, 794 (1978).

**III.**

En el recurso que nos ocupa, la parte peticionaria nos solicita que revisemos la determinación mediante la cual el TPI denegó su solicitud de sentencia sumaria. Señala que es un hecho incontrovertido que no existe una causa de acción en contra de su asegurado, debido a que el daño alegado ocurrió en una acera estatal. Arguye que, ante la inexistencia de una reclamación en contra de su asegurado, no viene llamado a responder.

Por su parte, la parte recurrida reitera que la inmunidad concedida a los municipios, por virtud del Código Municipal, *supra*, no se extiende a entidades privadas, tales como sus aseguradoras. Señala que la Ley de Travesías, *supra*,

les impone a los municipios el deber de proveerle mantenimiento a las aceras urbanas. Cónsono con lo anterior, razona que la inmunidad municipal protege el fisco, pero no anula la negligencia que se le podría imputar por incumplimiento con la obligación de mantenimiento. Asimismo, puntualiza que la causa de acción instada en contra de la aseguradora es una directa e independiente a la del asegurado, ya que se fundamenta en el contrato de póliza. Manifiesta, además, que el Art. 20.050 del Código de Seguros, *supra*, establece que las pólizas de seguro deben disponer que el asegurador no puede aducir la defensa de inmunidad gubernamental en ninguna acción instada en virtud de dicha póliza.

Conforme surge del expediente, el lugar donde ocurrió la presunta caída es una acera estatal y, por tanto, se encuentra bajo la jurisdicción del DTOP. Como resultado, la señora Cruz Rivera desistió de su reclamación en contra del Municipio y Óptima. A pesar de que el ELA reconoció la inmunidad concedida a los municipios, insiste que tal inmunidad no releva a la aseguradora de responder por los actos negligentes de sus asegurados. Ante ello, expone que Óptima debe permanecer en el pleito, ya que, en su momento, viene obligado a responder por el grado de responsabilidad que se le pueda imputar al Municipio.

Según hemos reseñado, una aseguradora solo responderá ante una reclamación de daños y perjuicios si su asegurado ha sido culposo o negligente. *SLG Albert-García v. Integrand Asrn, supra,* pág. 394. Ello, se debe a que la responsabilidad de la aseguradora está sujeta a la responsabilidad que pudo haber tenido su asegurado. En ese sentido, se ha resuelto que la aseguradora no puede responder por lo que en derecho es inexistente. *Admor. FSE v. Flores Hnos. Cement Prods, supra,* pág. 794.

No existe controversia respecto al hecho de que, por disposición del Código Municipal, los municipios no responden por los daños ocasionados en carreteras o aceras estatales. Resulta forzoso concluir que, ante la ausencia de una reclamación ejercitable en contra del Municipio, su aseguradora no puede venir a responder por lo que en derecho es inexistente. Así dispuesto, somos del criterio que el TPI incidió al mantener a la aseguradora como tercera demandada

en el caso de autos. Por tanto, procede revocar el dictamen recurrido, a los efectos de ordenar la desestimación con perjuicio de la reclamación en contra de Óptima.

**IV.**

Por los fundamentos que anteceden, se *expide* el auto de *certiorari* y se *revoca* la determinación recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones